UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID BATES, et al.,          ) | |
|                    Plaintiffs,   ) | |
|                   v.              ) | No. 1:18-cv-01581-JRS-MJD |
| ATLANTIC TRANSPORTATION INC., ) et al.,          ) | |
|                   Defendants.   ) | |

**Entry and Order**

Plaintiffs have filed Plaintiffs' Motion for Entry of Default Judgment and Plaintiffs' Motion in Support of Plaintiffs' Claimed Damages. The Court finds that Plaintiffs' motions should be denied.

The First Amended Complaint asserts negligence claims against Atlantic Transportation Inc. and Norman Qualls, arising out of a motor vehicle collision that occurred on September 14, 2017, in Clark County, Indiana. Plaintiffs allege that at the time of the collision, Defendant Qualls was operating a tractor trailer on behalf of Defendant Atlantic Transportation and that Defendants proximately caused the collision between the tractor trailer driven by Qualls and Plaintiffs' vehicle. As a result, Plaintiffs claim they sustained damages.

Plaintiffs' Motion in Support of Plaintiffs' Claimed Damages seeks damages for David Bates in the sum of $80,000 and damages in the sum of $60,000 for Mary Smith. (ECF No. 26.) In support of the claimed damages, Plaintiffs submitted: (1)

the Indiana Officer's Standard Crash Report of the collision, (Pls. Mot., Ex. A, ECF No. 26-1); (2) a radiology report for Bates of an MRI of the lumbar spine dated October 12, 2017, (Pls. Mot., Ex. B, ECF No. 26-2); (3) a November 6, 2017, lumbar facet injection report for Bates, (Pls. Mot., Ex. C, ECF No. 26-3); (4) a December 4, 2017, lumbar radiculopathy report for Bates, (Pls. Mot., Ex. D, ECF No. 26-4); (5) an undated orthopedic/neurological evaluation for Bates, (Pls. Mot., Ex. E, ECF No. 26-5); (6) Bates' medical billing statements totaling $26,040.01, (Pls. Mot., Ex. F, ECF No. 26-6); (7) medical records for treatment for Smith on September 24, 2017, October 6, 2017, and November 1, 2017, (Pls. Mot., Exs. G, H, ECF Nos. 26-7, 26-8); (8) records for Smith's steroid injections on February 28, 2018, and June 20, 2018, (Pls. Mot., Exs. I & J, ECF Nos. 26-9, 26-10); and (9) medical billing records for Smith's treatment, totaling $21,617, (Pls. Mot., Ex. K, ECF No. 26-11).

A default judgment "may not be entered without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). A default judgment may be entered against a minor or incompetent person only if the person is represented by a general guardian or like fiduciary. Fed. R. Civ. P. 55(b)(2). Under the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.*, a judgment based on a defendant's failure to appear may not be entered, unless a plaintiff shows by affidavit: (1) whether or not the defendant is in military service and facts necessary to support

the affidavit; or (2) that the plaintiff is unable to determine whether or not the defendant is in military service. 50 U.S.C. § 3931(b)(1).

Plaintiffs submitted the affidavit of their lawyer, Robert A. Montgomery, to provide facts as to whether Defendant is a minor, incompetent person, and in the military service. (The affidavit refers only to "Defendant"; it does not expressly name Defendant Qualls, but the Court assumes that the use of "Defendant" in this instance refers to Defendant Qualls rather than Defendant Atlantic Transportation, Inc.) The admissibility of the affidavit is questionable. While the affidavit says that the affiant was "duly sworn" and is "upon his oath," (ECF No. 12-2), it is not notarized, *see Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985) ("An affidavit is a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath."); *Brooks v. Cmty. Mem'l Hosp. of Menomonee Falls, Inc.*, No. 17-CV-659, 2018 WL 2860019, at *1 (E.D. Wis. June 11, 2018) (declaration stating that declarant was "duly sworn on oath" was not "actually submitted under oath" because "it [was] not notarized and it lack[ed] any sort of jurat or seal"); *Home Sav. of Am., F.A. v. Einhorn*, No. 87 C 7390, 1990 WL 114643, at *4 (N.D. Ill. July 24, 1990) ("[A]s a general rule, affidavits under federal law must evidence that they were sworn to before someone qualified to administer oaths."). An unsworn declaration may take the place of an affidavit, but Montgomery's affidavit does not state that any of the statements contained therein are "true and correct" and under "penalty of perjury," and the "duly sworn" language does not demonstrate that the affiant knew he was signing under the penalty of perjury. *See Home Sav. of Am.,* 1990 WL 114643, at *4.

3

Thus, the affidavit is insufficient under 28 U.S.C. § 1746. Furthermore, the affidavit contains no facts to support the statement that Defendant is not in the military.

The exhibits submitted with the Motion in Support of Claimed Damages are also insufficient. None of the exhibits are authenticated or otherwise supported by affidavit or unsworn declaration. Moreover, Bates' medical bills were $26,040.01, yet he seeks damages of $80,000; and Smith's medical bills were $21,617, yet she seeks $60,000 in total damages, and there is no evidence (such as an affidavit from Plaintiffs) to support their claim for such damages. The claimed damages must be adequately supported by admissible proof.

## Conclusion

Plaintiff's Motion for Entry of Default Judgment (ECF No. 20) and Plaintiffs' Motion in Support of Plaintiffs' Claimed Damages (ECF No. 26) are **denied**. The denial is without prejudice to filing a properly supported motion for default judgment.

**SO ORDERED.**

Date: 1/8/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

Robert A. Montgomery
LAW OFFICES OF ROBERT A. MONTGOMERY
rm@rmontlaw.com

Norman Qualls
c/o Atlantic Transportation Inc.
233 Tresca Road
Jacksonville, FL 32225

Chief Executive Office
c/o Atlantic Transportation Inc.
233 Tresca Road
Jacksonville, FL 32225